KEN I. ITO - SBN 279304
**HEMAR, ROUSSO & HEALD, LLP**
15910 Ventura Boulevard, 12th Floor
Encino, California 91436
Telephone: (818) 501-3800
Facsimile: (818) 501-2985
Email: kito@hrhlaw.com

Attorneys for Plaintiff
BMO BANK N.A., national association

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA
### (FRESNO DIVISION)

| | |
|---|---|
| BMO BANK N.A. fka BMO HARRIS BANK N.A., a national association,<br><br>Plaintiff,<br><br>vs.<br><br>ROYAL ROAD LINE INC, a California corporation; NISHAN SINGH, an individual resident and citizen of California; DOES 1-10,<br><br>Defendants. | CASE NO.: 1:23-cv-01714-EPG<br>[Assigned to: Hon. Magistrate Judge Erica P. Grosjean]<br><br>**NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT JUDGMENT**<br><br>*[Declarations of Micki Koepke and Ken I. Ito in Support of Motion for Default Judgment and Proposed Order Granting Motion, filed concurrently herewith]*<br><br>DATE: April 5, 2024<br>TIME: 10:00 a.m.<br>Courtroom: 10 (6th Floor)<br>U.S. District Court<br>2500 Tulare Street<br>Fresno, CA 93721<br><br>[Complaint filed December 13, 2023] |

**TO THE COURT, THE DEFENDANTS AND ALL OTHER INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that Plaintiff, BMO BANK N.A. fka BMO HARRIS BANK N.A., a national association ("Plaintiff"), hereby moves the Court for Entry of Default Judgment against the Defendants ROYAL ROAD LINE INC, a California corporation ("ROYAL"), and NISHAN SINGH, an individual resident and citizen of

California ("SINGH") (collectively, the "Defendants"), as set forth in the Declaration of Micki Koepke, filed and served therewith. Said Motion will be heard on April 5, 2024 at 10:00 a.m., before the Honorable Magistrate Judge Erica P. Grosjean, in Courtroom 10, 6th Floor, located at 2500 Tulare Street, Fresno, California 93721.

Said Motion will be made upon the grounds that said Defendants failed to appear or otherwise respond to the complaint within the time prescribed by the Federal Rules of Civil Procedure. Plaintiff served the Complaint on Defendants, as follows:

1. Defendants were sub-served pursuant to Cal. Civ. Proc. Code § 415.20(a) on December 29, 2023, at his defendant Nishan Singh's residence located at 5490 North Salinas Avenue #116, Fresno, California 93722. Proofs of Service were filed with the Court on January 30, 2024.

2. Default was entered by the clerk of this court against Defendants on February 1, 2024.

Said Motion will be based upon this Notice, the Motion, accompanying Declarations of Micki Koepke and Ken I. Ito, the Memorandum of Points and Authorities, upon all papers, records, and documents on file herein and upon evidence, oral and documentary, that may be presented at the hearing of the Motion.

Unless otherwise directed, the parties are permitted to appear telephonically and may do so by dialing 1-888-251-2909 and entering access code 1024453. Alternatively, the parties and counsel may appear in person. If one or more parties wish to appear in person, they shall email Michelle Rooney, Courtroom Deputy Clerk, at mrooney@caed.uscourts.gov at least 24 hours before the proceeding so that a notation can be placed on the Court's calendar.

Dated: February 28, 2024

Respectfully submitted,
HEMAR, ROUSSO & HEALD, LLP

/s/ *Ken I. Ito*

By:_____
Ken I. Ito
Attorneys for Plaintiff, BMO BANK N.A.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### CALCULATION OF DEFAULT JUDGMENT

BMO BANK N.A. fka BMO HARRIS BANK N.A., a national association ("Plaintiff"), hereby requests entry of an Order by the Court granting default judgment against ROYAL ROAD LINE INC, a California corporation ("ROYAL"), and NISHAN SINGH, an individual resident and citizen of California ("SINGH") (collectively, the "Defendants"), under Rule 55(b)(1) of Federal Rules of Civil Procedure.

1. <u>Entry of clerk's default</u>: Default was entered by the clerk on February 1, 2024 as to both Defendants.

2. <u>Proof required for court's judgment</u>: The declaration of Micki Koepke filed herewith establishes proof of: (a) sums certain due and owing Plaintiff by said Defendants; (b) pursuant to a contract or statutory claim; (c) that Defendant SINGH is not in the military service and are neither a minor nor incompetent persons; and (d) costs properly awardable by the clerk.

### Calculation of Judgment

(a) <u>As to the Loan and Security Agreement 18001 dated December 30, 2021:</u>

| | |
|---|---|
| Remaining Principal: | $18,274.15 |
| Interest & Fees: | $283.34* |
| Total: | $18,557.49 |

*Plus $9.14 per day after February 13, 2024

A pay off statement drawn from Plaintiff's books and records is attached hereto as <u>Exhibit 7</u> and here incorporated by reference.

(b) <u>As to the Loan and Security Agreement 78001 dated March 10, 2022:</u>

| | |
|---|---|
| Principal: | $85,644.05 |

|   |   |
|---|---|
| Interest & Fees: | $10,051.07*[1] |
| Total: | $95,695.12 |

*Plus $42.82 per day after February 12, 2024

A pay off statement drawn from Plaintiff's books and records is attached hereto as <u>Exhibit 8</u> and here incorporated by reference.

  (c) <u>As to the Loan and Security Agreement 38001 dated March 7, 2023:</u>

|   |   |
|---|---|
| Principal: | $189,395.73 |
| Interest & Fees: | $16,729.38* |
| Total: | $206,125.11 |

*Plus $94.70 per day after February 12, 2024

A pay off statement drawn from Plaintiff's books and records is attached hereto as <u>Exhibit 9</u> and here incorporated by reference.

  (d) **Total from the Agreements: $320,377.72**

  (e) For reasonable attorneys' fees, pursuant to the Agreements in the amount of **$7,897.50**; (*See* Declaration of Ken I. Ito filed concurrently herewith.)

  (f) For costs of suit in the total sum of $778.20 (*See* Declaration of Ken I. Ito filed concurrently herewith.), broken down as follows:

- Complaint court filing fee:  $405.00
- Service of process: Royal Road Line Inc  $167.35
- Service of process: Nishan Singh  <u>$205.85</u>
- **Total Costs:**  **$778.20**

## II.

## LEGAL ANALYSIS

**A.** <u>**Default Judgment**</u>

The district court may enter default judgment upon application by a party under Federal Rule of Civil Procedure 55(b). After a default has been entered by the Clerk of

---

[1] True and correct copies of all of the repossession fees are attached hereto as exhibit 10.

1 the Court, the well-pleaded factual allegations of the complaint are taken as true, except
2 for those allegations related to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d
3 915, 91718 (9th Cir. 1987).  Thus, when determining liability, a Defendant's default
4 functions as an admission of the Plaintiff's well-pleaded allegations. Necessary facts
5 not contained in the pleadings, and claims which are legally insufficient, however, are
6 not established by default. *Cripps v. Life Ins. Co.*, 980 F.2d 1261, 1267 (9th Cir. 1992).
7 Relief is limited to the Plaintiffs specific demand in the complaint. Fed. R. Civ. P.
8 54(c).  The Ninth Circuit has articulated the following factors to be considered by the
9 Court in exercising its discretion to award a default judgment: 1) the possibility of
10 prejudice to the plaintiff, 2) the merits of the Plaintiff's substantive claims, 3) the
11 sufficiency of the complaint, 4) the sum of money at stake in the action, 5) the
12 possibility of a dispute concerning material facts, 6) whether the default was due to
13 excusable neglect, and 7) the strong policy of the Federal Rules that favors decisions on
14 the merits.  <u>Eitel v. McCool</u>, 782 F.2d 1470, 1471–72 (9th Cir. 1986).  Together, these
15 factors are known as the Eitel Factors.

16     In this case, the Eitel Factors favor the entry of judgment such that:

17     1. Denying judgment to Plaintiff would prejudice Plaintiff because
18 Defendants refused to participate in the action and has made default judgment the sole
19 avenue of relief available to Plaintiff.

20     2. Plaintiff is entitled to judgment on the merits of its claims.  The elements
21 of a breach of contract claim in California are "(1) the contract, (2) Plaintiff's
22 performance or excuse for non-performance, (3) defendant's breach, and (4) damage to
23 the plaintiff therefrom." <u>Wall St. Network, Ltd. v. N.Y. Times Co.</u>, 164 Cal. App. 4th
24 1171, 1178 2008.  Defendants entered into written agreements as set forth in Plaintiff's
25 Complaint.  Although Defendants have breached their duty to pay the several
26 obligations enumerated hereinabove when due, and although demand upon them has
27 been made, Defendants have failed and refused to pay the amounts due and owing
28 under the Loan and Security Agreements.

3. Plaintiff has performed any and all conditions and obligations required by it under the Loan and Security Agreements.

4. Defendants breached by defaulting on their payment obligations, and Plaintiff sustained damages because Defendants' defaults on their payment obligations have resulted in the entire amount of the unpaid agreements becoming immediately due and payable, with interest. The allegations in the Complaint, taken as true, sufficiently state a meritorious breach of contract claim against Defendants.

5. The allegations of the Complaint, and as set forth above, taken as true, sufficiently state a meritorious breach of contract claim. Plaintiff has established the existence of a contract, performance on Plaintiff's part, the Defendant's breach, and damages caused to Plaintiff by said breach.

6. The sum of money at stake is reasonable in light of the terms of the contracts, as is in accordance with the terms of the contracts, as set forth in Plaintiff's analysis of damages which follows below, and in the Declaration of Micki Koepke.

7. There seems little possibility of dispute of the material facts, inasmuch as Plaintiff has clearly set forth the facts and has provided evidence of their existence, *i.e.* a contract, a breach and resulting damages.

8. There is no evidence in the file at all of any excusable neglect resulting in the entry of default.

9. Notwithstanding the strong federal policy that favors decisions on the merits, inasmuch as Defendant has failed to appear, proceeding with the litigation would be futile.

10. Plaintiff has satisfied the procedural requirements for a default judgment under Federal Rule of Civil Procedure 55 and Local Rule 55-1. The Clerk of the Court has entered default against Defendants pursuant to Rule 55(a). Plaintiff has submitted a signed declaration accompanying its motion, as required by Local Rule 55-1, stating that default to the Complaint was entered against Defendants on April 13, 2023.

Moreover, Defendant SANDHU is not an infant or incompetent person, and that the Service Members Civil Relief Act does not apply as to this Defendant.

**B.    Damages**

The prevailing party on a breach of contract claim is entitled to recover "as nearly as possible the equivalent of the benefits of performance." Lisec v. United Airlines, Inc., 10 Cal. App. 4th 1500, 1503 (1992) (citation omitted). In awarding default judgment, the court may rely on affidavits or declarations to fix the amount of damages. Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 498 (C.D. Cal. 2003).

## III.
## CONCLUSION

Plaintiff is therefore requesting its motion for default judgment be granted as set forth above, in the total amount of **$329,053.42.**

Dated:  February 28, 2024                                    HEMAR, ROUSSO & HEALD, LLP


                                                             /s/ *Ken I. Ito*
                                                             By:_____
                                                             KEN I. ITO
                                                             Attorneys for Plaintiff

# **PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is Hemar, Rousso & Heald, LLP, 15910 Ventura Boulevard, 12th Floor, Encino, CA 91436.

February 28, 2024, I served the foregoing document(s) described as: **NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT JUDGMENT** on the interested parties in this action addressed as follows:

ROYAL ROAD LINE INC,
a California corporation
Attn: Nishan Singh, Agent for Service of Process
5490 North Salinas Avenue, #116
Fresno, CA 93722

NISHAN SINGH, an individual
resident and citizen of California
5490 North Salinas Avenue, #116
Fresno, CA 93722

☒   By placing true copies thereof enclosed in a sealed envelope(s) addressed as stated above.

☐   **BY PERSONAL SERVICE (CCP §1011)**: I caused to be delivered such envelope(s) by hand to the addressee(s) as stated above.

☒   **BY MAIL (CCP §1013(a)&(b))**: I am readily familiar with the firm's practice of collection and processing correspondence for mailing with the U.S. Postal Service. Under that practice such envelope(s) is deposited with the U.S. postal service on the same day this declaration was executed, with postage thereon fully prepaid at 15910 Ventura Boulevard, 12th Floor, Encino, California, in the ordinary course of business.

☐   **BY OVERNIGHT DELIVERY (CCP §1013(c)&(d))**: I am readily familiar with the firm's practice of collection and processing items for delivery with Overnight Delivery. Under that practice such envelope(s) is deposited at a facility regularly maintained by Overnight Delivery or delivered to an authorized courier or driver authorized by Overnight Delivery to receive such envelope(s), on the same day this declaration was executed, with delivery fees fully provided for at 15910 Ventura Boulevard, 12th Floor, Encino, California, in the ordinary course of business.

Executed on February 28, 2024, at Encino, California.

☒   **(FEDERAL)** I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

/s/ *Mary Ann Granzow*

_____
MARY ANN GRANZOW