UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BMO BANK N.A., <br><br> Plaintiff, <br><br> v. <br><br> ROYAL ROAD LINE INC, *et al.*, <br><br> Defendants. | Case No. 1:23-cv-01714 JLT EPG <br><br> ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT <br><br> (Docs. 11, 17) |

    BMO Harris Bank N.A. seeks to hold Royal Road Line, Inc. and Nishan Singh, the owner of Royal Road Line, liable for breach of contract. (*See generally* Doc. 1.) After Defendants failed to answer, the Court entered default against Defendants. (Doc. 9.) Plaintiff now seeks default judgment against Defendants. (Doc. 11.)

    The magistrate judge found the Court has jurisdiction over the claims presented and personal jurisdiction over Defendants. (Doc. 17 at 4-6.) The magistrate judge also determined Plaintiff complied with the service requirements under Rule 4 of the Federal Rules of Civil Procedure. (*Id.* at 7-8.) Examining the sufficiency of the complaint, the magistrate judge found "Plaintiff has alleged sufficient facts for a claim for breach of contract against Defendants" and "provided sufficient proof of the damages." (*Id.* at 9, 13.) The magistrate judge determined the factors identified by the Ninth Circuit in *Eitel v. McCool,* 782 F.2d 1470, 1471-72 (9th Cir. 1986) weighed in favor of default judgment, and recommended the motion be granted, with damages

awarded in the amount of $320,377.72.  (*Id.* at 8-11.)

The magistrate judge found Plaintiff was also entitled to an award of attorney fees and costs and that the proposed hourly rates for counsel were reasonable.  (Doc. 17 at 14-15.) The magistrate judge determined, however, that the time expended—and anticipated—was excessive, and the billing records included clerical tasks for which fees should not be awarded.  (*Id.* at 15-16.)  Therefore, the magistrate judge recommended the attorney fees awarded in the modified amount of $5,460.00.  (*Id.* at 17.)  Finally, the magistrate judge recommended Plaintiff be awarded costs in the amount of $778.20.  (*Id.*)

The Court served the Findings and Recommendations on Plaintiff and notified the parties that any objections were due within 14 days.  (Doc. 17 at 17.)  The Court advised Plaintiff that the "failure to file objections within the specified time may result in the waiver of rights on appeal."  (*Id.,* citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).)  Plaintiff did not file objections, and the time to do so has passed.

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued June 6, 2024 (Doc. 17) are **ADOPTED** in full.
2. Plaintiff's motion for default judgment (Doc. 11) is **GRANTED** in part.
3. Plaintiff is **AWARDED** monetary damages in the amount of $320,377.72.
4. Plaintiff is **AWARDED** the prejudgment interest accrued at the contracted daily rate of $9.14 for each day after February 13, 2024, as well as and the combined contracted daily rate of $137.52 for each day after February 12, 2024, until the entry of final judgment.
5. Plaintiff's request for fees and costs is **GRANTED** in the modified amount of $5,460.00 in fees and $778.20 in costs, for a total of $6,238.20.
6. Upon recovery and sale of the identified vehicles in a commercially reasonable manner, Plaintiff **SHALL** credit the net sale proceeds of the vehicles toward the

monetary judgment awarded herein.

7. The Clerk of Court is directed to enter judgment in favor of Plaintiff BMO Harris Bank N.A. and against Defendants Royal Road Express, Inc. and Nishan Singh, and to close this case.

IT IS SO ORDERED.

Dated:   **August 13, 2024**

_____
UNITED STATES DISTRICT JUDGE

3